IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

Civil Action No.: _____

FILED
CHARLOTTE, NC

AUG 19 2024

US DISTRICT COURT
WESTERN DISTRICT OF NC

SHARON THOMAS,

    Plaintiff,

v.

INTERMARK MANAGEMENT
CORPORATION AND ANDREA MAYS
IN HER INDIVIDUAL AND OFFICIAL
CAPACITY, AND COLLETTE MATTOX
IN HER INDIVIDUAL AND OFFICIAL
CAPACITY AND MARK STUCKEY
IN HIS INDIVIDUAL AND OFFICIAL
CAPACITY
    Defendants,

Civil Complaint No. 3:24-CV-754-FDW
Complaint

## COMPLAINT

I. JURISDICTION:

1. This is an action for declaratory judgment, permanent injunctive relief, damages, costs, and attorneys' fees, alleging a continuing pattern of retaliatory discriminatory, disability discrimination and conduct in violation of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981, 1982, the Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19 ("FHA"), 504 Rehabilitation Act. Plaintiff Sharon Thomas, who is African American, also asserts causes of action for breach of contract and, intentional negligence, infliction of emotional distress.the parties, and the matter in controversy exceeds the sum of $75,000 exclusive of cost and This court has original jurisdiction over Plaintiff's federal claims pursuant the aforementioned laws and public policy.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Ms. Thomas has exhausted all required administrative remedies.

1

II. PARTIES:

**A. Plaintiff**
Sharon T. Thomas
215 Minitree Lane
Charlotte, NC 28214

B. **Defendant:**
InterMark Management Corporation
Mark Stuckey, President
808-B Lady Street
Columbia, SC 29201

C. Additional Defendants:

Andrea Mays
InterMark Management Corporation
808-B Lady Street
Columbia, SC 29201

Collette Mattox
InterMark Management Corporation
808-B Lady Street
Columbia, SC 29201

III. STATEMENT OF CLAIM

1. Plaintiff, Sharon Thomas, age 64, is a resident of Charlotte, NC.

2. Plaintiff entered in a tenant landlord agreement with InterMark Management Corporation on or about July 30, 2021 at Rosewood Commons Apartments, 6405 W. Sugar Creek Rd Charlotte, NC 28269. The property is a Low Income Housing Tax Credit property and participates in U.S. Housing and Urban Development Programs, Housing Choice Voucher (HCV) Section 8 and other programs. Plaintiff was a recipient and participant of Section 8 and under a Housing Assistance Payment (HAP) contract.

Plaintiff was assigned to a first floor handicapped assessible unit, due her request for a first floor unit.

3. The lease agreement stipulated a smoke free property. The lease also included declarations and addendums

declaring compliance and adherence with the LIHTC policies and procedures as well as HUD and U.S. Equal Opportunity and Fair Housing, federal Laws and public policy as well as numerous and clearly stated use of premise agreement to a positive community living and standard of living.

4. InterMark Property Management also had a feature of "TELLUS" for residents to communicate any adverse incidents, living conditions as well as having a onsite property management leasing office.

5. Shortly after moving in. Plaintiff noticed and was impacted by second hand smoke from tobacco products drifting into unit and notified the property manager that Plaintiff had respiratory illnesses. Plaintiff was assured that this would be addressed and that the property was smoke free.

5. September 2021, Plaintiff began to be adversely effected by overpowering incidents of incense and fragrances, cigars, cannabis and/or tobacco products being pumped in the ventilation and strange chemical odours and fumes, to the point of my calling 911 and attempted to file a police report. Plaintiff also sought medical attentions with medical providers and had to be prescribed medication. Inhalers, nose sprays etc.

5. Plaintiff, made persistent complaints to the on site manager's office and "TellUs" that was ignored and then communicating with InterMark Management Office Regional Manager's. The response was to deny that the activity and began to communicate that Plaintiff was the problem, the burden of proof was on Plaintiff and the only remedy was to vacate.. Plaintiff also encountered bullying incidents by tenants that included false accusations and threats of violence.

6. Plaintiff filed unfair housing complaints with HUD and the NC Realtor Commission or about October 2021.

3

7. From October 2021 through August 2022, Plaintiff was subjected to brutal malicious retaliation. The property management acted in concert with the tenants that resided above me to make false accusations. In an e-mail exchange Colette Mattox wrote "wait until she gets her non-renewal due to her issues. Andrea Mays responded "good one".

8. Plaintiff also began to suspect that the tenants were manufacturing drugs, methamphetamine, after returning from overnight visits to strong chemical odors, noticing burnt grass stains and becoming ill during these occurrences.

9. Plaintiff spent the entire tenancy mitigating second hand nicotine, researching testing for nicotine and methamphetamine and complaining and reporting the dangerous living environment.

10. Plaintiff made requests for transfers and modification of unit with specialized filters and plugs, however was no defense for the illicit activity.

11. In addition to accommodation requests, Plaintiff made numerous pleading communicating distress documenting the dangerous environment and living conditions from the noxious toxic fumes and requested intervention from Charlotte Mecklenburg Community Relations Committee (CMCRC), HUD FHAP, that was conducting the Fair Housing Investigation, law enforcement/Drug Enforcement and others.

12. Plaintiff was forced to vacate the unit March 2022. Plaintiff maintained the tenancy continuing to pay rent with the expectation that the fair housing investigation would initiate some type of intervention.

13. CMRC investigative findings were "no cause", omitting the nicotine testing and medical records. I had testing for methamphetamine residue that rendered positive results.

14. InterMark Management retaliated by blocking Plaintiff's ability to pay rent initiated three attempts for eviction proceedings July 2022 and August 2022 against Plaintiff in Small claims court for

4

nonpayment of rent and lessee hold over, even though the lease had a month to month clause and Plaintiff was under a HAP contract that did not expire until September, 2022.

## PARTIES

The plaintiff, Sharon Thomas, is a resident of Charlotte, North Carolina (NC). The plaintiff is a person with a disability under the ADA, Rehabilitation Act.

InterMark Management Corporation is Property Management Enterprise licensed in the States of North Carolina. Participates in LIHTC and Conventional Housing Industries.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays the Court as follows:

Enter a declaratory judgment declaring that Defendants have violated the Fair Housing Act;

504 Rehabilitation Act and U.S. anti retaliation laws and public policy enforcible by the U.S Department of Justice.

Award compensatory damages to which Plaintiff is entitled for the violation of common law and public policy of the state of North Carolina;

Award plaintiff punitive damages for extreme and outrageous acts taken by Defendants in wilfully negligence, retaliatory discrimination; violating both state and federal law;

Award Plaintiff her costs and expenses of this action, including reasonable attorneys fees, costs and other litigation expenses; and

5

Grant such other and further relief as may be just and proper to afford complete relief to Plaintiff.

DATED: August 17, 2024

*Sharon Thomas*
Sharon Thomas, Plaintiff
215 Minitree Lane
Charlotte, NC 28214
(704) 420-1728

6

# CERTIFICATE OF SERVICE

I herby states that a copy of Thomas vs InterMark Management Corporation et al complaint delivered via U.S. Postal Service Certified Mail to the Attention of Mark Stuckey, President of InterMark Management Corporation at Address: 808-B Lady Street Columbia, SC 29201

Respectfully submitted,

_____
Sharon Thomas, pro se
215 Minitree Lane
Charlotte, NC 28214
tee2thomas@protonmail.com
Tel. No. (704) 420-1728